# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Joan B. Gottschall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5867 | **DATE** | 7/20/2010 |
| **CASE TITLE** | Frederick Pullum vs. Village of University Park | | |

**DOCKET ENTRY TEXT**

Opinion. Defendant's Motion to Strike Prayer for Punitive Damages [43] is granted in part and denied in remaining part.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In his First Amended Complaint, plaintiff Frederick Pullum asserts claims for Title VII race discrimination and age discrimination pursuant to the Americans With Disabilities Act of 1990 (the "ADA"). (Doc. 30.) Defendant Village of University Park (the "Village") moves to strike Pullum's claims for punitive damages under Title VII and punitive and compensatory damages under the ADA. (Doc. 43.) Pullum concedes that he cannot recover punitive damages under Title VII because the Village is a municipality. Doc. 47; *see also Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). Accordingly, Pullum's prayer for punitive damages in connection with his Title VII claim is stricken.

Pullum's response brief is unclear, but he does not appear to concede that he cannot recover punitive damages under the ADA. In any case, he cannot; 42 U.S.C. § 1981a, the same statute that provides for the recovery of punitive damages under Title VII but forbids such recovery from governmental agencies such as the Village, applies equally to claims brought under the ADA. 42 U.S.C. § 1981a (a)(2) & (b)(1); *see also Blalock v. Ill. Dept. of Human Servs.*, 349 F. Supp. 2d 1093, 1097 (N.D. Ill. 2004). Accordingly, Pullum's prayer for punitive damages in connection with his ADA claim is stricken.

Last, the Village seeks to strike Pullum's prayer for compensatory damages under the ADA. The Village first asserts that ADA retaliation claims do not support the award of compensatory damages; while this is true, *see Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 968 (7th Cir. 2004), the same is not true of ADA *discrimination* claims, which Pullum brings. Rather, the ADA and § 1981a expressly allow the recovery of compensatory damages for ADA discrimination claims. *See* 42 U.S.C. § 1981a (a)(2); *see also* 42 U.S.C. § 12112. Compensatory damages under § 1981a do not include backpay, interest on backpay, and certain other relief characterized under Title VII as equitable. *See* 42 U.S.C. § 1981a(b)(2); *see also West v. Gibson*, 527 U.S. 212, 217-18 (1999). The Village urges that Pullum, by asking for compensatory damages, must be seeking backpay, and therefore that his compensatory damages claim should be stricken. However, Pullum asks for compensatory damages without mention of backpay; since he may be entitled to recover such damages, striking his prayer is improper at this stage. Accordingly, the Village's motion is granted in part and denied in remaining part.